**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JAMES DARRYL FLOWERS<br>Plaintiff,<br><br>vs.<br><br>FULTON COUNTY SCHOOL SYSTEM, RONALD WADE in his official capacity and individually; FELIPE USURY in his official capacity and individually and ROBERT AVOSSA in his official capacity and individually<br>Defendants. | ) | **CIVIL ACTION NO.** |

**COMPLAINT FOR DAMAGES**

**COMES NOW JAMES FLOWERS,** Plaintiff herein by and through the undersigned counsel, and sets forth his Complaint for Damages against the above named Defendant as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff, James Flowers is a resident of the state of Georgia

2.

Defendant, Fulton County School System is a municipality located in Fulton County, Georgia and is subject to the venue and jurisdiction of this court. A true and correct copy of the Ante Litem Notice was served to Fulton County School System

***EXHIBIT 1***

c/o Board Services, as required by O.C.G.A. § 36-33-5, on October 29, 2013. Defendant can be served at 786 Cleveland Avenue Atlanta, Georgia 30315.

3.

Defendant, Ronald Wade in his official capacity and individually can be served at 3654 Kings Park Way, Decatur Georgia 30034-1917.

4.

Defendant, Felipe Usury in his official capacity and individually can be served at 240 Sunny Hollow McDonough Georgia 30252-4054.

5.

Defendant Robert Avossa in his official capacity and individually can be served at 12564 Dunbrody Dr. Alpharetta, Georgia 30034-5827.

## FACTS

6.

Mr. Flowers was a police officer with the Fulton County School Systems for over 21 years.

7.

Mr. Flowers was in the law enforcement field for over 26 years.

8.

Mr. Flowers was 10 years away from reaching retirement.

9.

On October 31, 2012, Mr. Flowers was called into the office of Defendant Usury due to an alleged policy violation.

10.

Defendant Usury informed Mr. Flowers that he was seen using his police vehicle to pick up his son from school, which is a violation of policy.

11.

At the time, Defendant Usury was unable to produce any proof of said violation.

12.

Mr. Flowers was given the ultimatum of either being terminated or resigning.

13.

Mr. Flowers chose to resign.

14.

Mr. Flowers was a paid employee of Fulton County School System until November 30, 2012.

15.

Defendant Ronald Wade intentionally files a P.O.S.T. Record that Mr. Flowers resigned in lieu of termination.

16.

As a consequence of Defendant's misconduct, Plaintiff is unable to continue his career in law enforcement.

17.

Defendant Avossa as Superintendent of the district created a policy that would allow the Human Resources Manager to force resignation other than terminations.

18.

As a consequence of Defendants' misconduct, Plaintiff has suffered pain and suffering, and severe emotional distress, and has incurred debt and special damages in the form of attorney's fee.

19.

Defendant's conduct was willful, deliberate, and in conscious disregard for Plaintiff's protected rights, and was carried out in bad faith within the meaning of O.C.G.A. §13-6-11.

**COUNT I**

**NEGLIGENCE**

20.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

21.

Defendants negligently reported to P.O.S.T. that Plaintiff resigned in lieu of termination

(1) Defendants forced Plaintiff to resign, Plaintiff was told that it was a resignation not a resignation in lieu of termination. Defendant has the duty to notify any agencies of Plaintiff's employment and Defendant intentionally misrepresented the truth and notified that Plaintiff resigned in lieu of termination;

(2) Defendants failed to properly notify P.O.S.T. that Plaintiff merely resigned;

(3) Defendants improper notification has prevented Plaintiff from working as a police officer in the State of Georgia and caused Plaintiff to lose his home and other damages;

(4) Defendants actions have caused the Plaintiff to lose his home, loss of employment and loss of enjoyment of life among other things.

As a direct and proximate result of the negligence of the above-named Defendants, Mr. Flowers suffered psychological and emotional pain and suffering.

22.

Defendants failed to exercise a degree of care and concern ordinarily possessed and exercised by personnel under like conditions and circumstances.

23.

Defendants failed to properly and adequately investigate the accusations of Mr. Flowers by placing Mr. Flowers on administrative leave and conducting interviews and gathering facts.

24.

Mr. Flowers is entitled to recover from Defendants for damages and pain and suffering, incurred as direct and proximate result of the negligent acts as described above.

**COUNT II**
**DENIAL OF PROCEDURAL DUE PROCESS IN VIOLATION OF 42 U.S.C. § 1983**

25.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

26.

As an employee of Defendant Fulton County School System, Plaintiff had a property interest in his employment and was entitled to a due process hearing before the Fulton County Board of Education before his employment could be terminated.

27.

In a deliberate effort to deny Plaintiff his due process hearing, Defendant coerced Plaintiff into resigning his position by promising that Defendant would report to POST that Plaintiff resigned voluntarily. Defendant thereby denied Plaintiff the due process hearing to which he was entitled.

28.

As a direct and proximate result of Defendant's unlawful discriminatory conduct, committed in derogation of his federally protected rights, Plaintiff has

suffered lost wages and benefits of employment and other monetary damages in an amount to be determined at trial.

29.

As a direct and proximate result of Defendants intentional and unlawful conduct, committed in derogation of his federally protected rights, Plaintiff has suffered and continues to suffer emotional pain and suffering, mental anguish, humiliation, loss of sleep, embarrassment, damage to her reputation, and other past and future pecuniary losses.

**COUNT III**
**BREACH OF CONTRACT**

30.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

31.

Plaintiff and Defendants entered into a lawful contract by which Plaintiff agreed to resign from his employment with Defendant rather than be terminated, and in exchange for his resignation, Defendant would report to POST that Plaintiff resigned voluntarily.

32.

Defendant then breached its agreement with Plaintiff by reporting to POST that Plaintiff had resigned in lieu of termination, thereby precluding Plaintiff from obtaining future employment in the field of law enforcement.

33.

As a direct and proximate result of Defendants conduct, Plaintiff has suffered damages in an amount to be determined at trial.

**COUNT IV**

**FRAUD**

34.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

35.

Defendants committed fraud when Defendant Wade promised to state Plaintiff resigned.

36.

Defendant Avossa created a policy where he authorized the Human Resource Manager Defendant Wade to force Plaintiff to resign in order to circumvent the Plaintiff from having his employment to be determined by the Board of Education.

37.

Defendants maliciously forced Plaintiff to resign and intentionally reported the resignation as a resignation in lieu of termination.

38.

Defendants knew or should have known Plaintiff relied on their representation that they will report it as a resignation.

39.

Defendants knew or should have known that Plaintiff's reliance on their word prevented the Plaintiff from his due process rights from being heard by the Board of Education.

40.

As a direct and proximate result of Defendants conduct, Plaintiff has suffered damages in an amount to be determined at trial.

**COUNT V**

**DAMAGES and PAIN & SUFFERING**

41.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

42.

By reason of the wrongful, negligent, and careless acts of Defendants, Mr. Flowers is unable to continue his career in law enforcement.

43.

As a result of all of the Defendants negligent acts Defendant is liable for all damages recoverable under Georgia law.

**COUNT VI**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

44.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

45.

Defendants conduct was extreme and outrageous and was intended to and did cause Plaintiff to suffer severe mental distress.

46.

Defendants actions constituted an intentional and willful infliction of emotional distress upon Plaintiff for which Defendants' are liable to Plaintiff for general, special, and punitive damages where allowed by law.

47.

As a proximate result of Defendants conduct, Mr. Flowers suffered mental pain, anguish, and continued emotional distress.

**COUNT VII**

**PUNITIVE DAMAGES**

48.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

49.

Defendant's outrageous conduct in forcing Mr. Flowers to resign, was not only malicious and outrageous, but exhibited a specific intent to cause harm to Mr. Flowers, for which Defendants are liable for punitive damages, in such an amount as the jury determines to be appropriate, to punish them or to deter them from repeating such willful and malicious conduct.

**COUNT VIII**

**ATTORNEY'S FEES**

50.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

51.

Defendant Fulton County School System acted in bad faith and has caused unnecessary trouble and expense, which entitles to reimbursement for the expenses of litigation, including reasonable attorney's fees.

**WHEREFORE,** Plaintiff demands a jury trial and prays as follows:

A) That service of process be made upon Defendant according to law;

B) That Plaintiff recover from Defendant a sum in the amount to be determined by the enlightened conscience of a jury for pain and suffering, the full amount of his medical expenses, the full amount of related expenses for aggravated damages to deter the Defendant from committing similar wrongs or Plaintiff recover an amount to fairly compensate for his loss sustained as determined by this court;

C) That the Plaintiff recover his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11;

D) That all issues be tried by jury; and

E) For such other and further relief as the Court may deem just and proper.

This 1st day of December, 2014.

Respectfully submitted,

**Jones Federal & Appellate LLC**

<u>*/s/ Nicole Jones*</u>
Nicole Jones, Esq. 001352
*Counsel for the Plaintiff* James Flowers

8677 Hospital Drive
Douglasville, GA 30134

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

JAMES DARRYL FLOWERS
Plaintiff,

vs.

FULTON COUNTY SCHOOL SYSTEM, RONALD WADE in his official capacity and individually; FELIPE USURY in his official capacity and individually and ROBERT AVOSSA in his official capacity and individually
Defendants.

**CIVIL ACTION NO.**

DEMAND FOR TWELVE PERSON JURY

COMES NOWJAMES FLOWERS, Plaintiff in the above matter, and hereby demands a twelve person jury pursuant to O.C.G.A. 15-12-122 as to all issues so triable in the above matter.

This 1st _ day of December, 2014.

**Jones Federal & Appellate LLC**

*/s/ Nicole Jones*
Nicole Jones, Esq. 001352
*Counsel for Plaintiff James Flowers*
8677 Hospital Drive
Douglasville, GA 30134

# General Civil Case Filing Information Form (Non-Domestic)

Court
Superior
X State

County FULTON

Docket #

Date Filed 12/1/2014
MM-DD-YY

**Plaintiff(s)**

FLOWERS JAMES
Last First Middle I Suffix Prefix Maiden

Last First Middle I Suffix Prefix Maiden

Last First Middle I Suffix Prefix Maiden

Last First Middle I Suffix Prefix Maiden

**Defendants(s)**

FULTON COUNTY SCHOOL
Last First Middle I Suffix Prefix Maiden

WADE RONALD
Last First Middle I Suffix Prefix Maiden

USURY FELIPE
Last First Middle I Suffix Prefix Maiden

AVOSSA ROBERT
Last First Middle I Suffix Prefix Maiden

**No. of Plaintiffs** 1

**No. of Defendants** 4

**Plaintiff/Petitioner's Attorney** ☐ Pro Se

Jones, Nicole Y.
Last First Middle I Suffix Prefix Maiden

**Bar #** 001352

**Check Primary Type (Check only ONE)**

- ☐ Contract Account
- ☐ Wills/Estate
- ☐ Real Property
- ☐ ~~Dispossessory/Distress~~
- ☐ Personal Property
- ☐ Equity
- ☐ Habeas Corpus
- ☐ Appeals, Reviews
- ☐ Post Judgment Garnishment, Attachment, or Other Relief
- ☐ Non-Domestic Contempt
- ☐ Tort (If tort, fill in right column)
- ☐ Other General Civil Specify ______________

**If Tort is Case Type:**
(Check no more than TWO)

- ☐ Auto Accident
- ☐ Premises Liability
- ☐ Medical Malpractice
- ☐ Other Professional Negligence
- ☐ Product Liability
- ☐ Other Specify ______________

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JAMES DARRYL FLOWERS<br>Plaintiff,<br><br>vs.<br><br><br>FULTON COUNTY SCHOOL SYSTEM, RONALD WADE in his official capacity and individually; FELIPE USURY in his official capacity and individually and ROBERT AVOSSA in his official capacity and individually<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO.** |

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jones Federal & Appellate LLC
Nicole Y. Jones, Esq.
8677 Hospital Drive
Douglasville, GA 30134

an answer to the complaint which is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ______________day of ____________________, 20_____

Cecily Barber
Clerk of State Court

By_____________________________________
Deputy Clerk